ELECTRONICALLY FILED
2024 Nov 22 PM 5:43
CLERK OF THE WYANDOTTE COUNTY DISTRICT COURT
CASE NUMBER:  WY-2024-CV-000851
PII COMPLIANT

## IN THE DISTRICT COURT OF WYANDOTTE COUNTY, KANSAS
## AT KANSAS CITY
## CIVIL COURT DEPARTMENT

| | |
|---|---|
| FAYBRIA V. HENDRIX,<br>    7249 NE 46th Terr<br>    Kansas City, MO  64117<br><br>    Plaintiff,<br><br>v.<br><br>LIFE CARE CENTERS OF AMERICA,<br>INC.<br>    Serve at:<br>    Corporate Service Company<br>    1100 SW Wanamaker Rd., Ste. 403<br>    Topeka, KS  66604<br><br>JENNIFER BURNS<br><br>MARY JONES<br><br>    Defendants. | Case No.: _____ |

FAYBRIA V. HENDRIX,
    7249 NE 46th Terr
    Kansas City, MO  64117

    Plaintiff,

v.                                          Case No.: _____

LIFE CARE CENTERS OF AMERICA,
INC.
    Serve at:
    Corporate Service Company
    1100 SW Wanamaker Rd., Ste. 403
    Topeka, KS  66604

JENNIFER BURNS

MARY JONES

    Defendants.

## PETITION

COMES NOW the Plaintiff, Faybria V. Hendrix, by and through her attorney, Edward N. Foster of Caldwell Law Firm, P.C., and as and for her petition against Defendants hereby alleges as follows:

## IDENTIFICATION OF PARTIES

1.      Plaintiff, Faybria Hendrix ("Hendrix"), is and at all times relevant hereto was a competent female, African-American, adult individual over the age of 40, with her principal residence in Clay County, State of Missouri.

2.      Defendant, Life Care Centers of America, Inc. ("Life Care") is now and at all times relevant hereto was, a duly formed Tennessee corporation, registered to do business in the State of Kansas.

3.      Defendants Jennifer Burns and Mary Jones are, or were, employees of Life Care who aided and abetted the unlawful conduct alleged herein.

## JURISDICTION AND VENUE

4.      Jurisdiction and venue are proper inasmuch as the subject conduct by Defendants took place in Wyandotte County, Kansas.

## STATEMENT OF FACTS

5.      Plaintiff Hendrix was employed by Defendant Life Care from September 9, 2014 until approximately June 11, 2024, during which time she worked as a Certified Nursing Assistant for Life Care. Throughout her tenure, the Plaintiff fulfilled her duties diligently, contributing positively to the operational success of Life Care.

6.      Notwithstanding the Plaintiff's seniority and consistently commendable or non-negative performance evaluations, she was subjected to unequal treatment in terms of shift assignments as compared to her equivalent Caucasian and/or younger counterparts.  This disparate treatment, rooted in racial and/or age discrimination, was manifested in a consistent pattern whereby non-African-American employees with less seniority and experience were routinely assigned more favorable work schedules.

7.      On or about March 2023, the Plaintiff formally requested a modification of her work schedule to primarily day shifts, a change justified by her seniority, experience and past contributions. Despite previous assurances from company management that such requests from senior employees would be honored, the Plaintiff's request was unreasonably and summarily

denied by a Caucasian supervisor without a valid business justification, indicating a breach of company policies and practices.

8.    The Plaintiff consistently observed instances where younger and/or non-African-American colleagues were accorded preferential treatment in terms of shift assignments and other working conditions. These observations underscore a systemic pattern of racial and/or age bias that permeates the employment practices at Life Care's place of business, further evidencing the discriminatory culture fostered by Life Care.

9.    Subsequent to an incident on June 11, 2024, wherein the Plaintiff was taken off of the work schedule for any shift under the alleged pretext of non-compliance with a drug testing policy based on her unavailability at the exact moment of the impromptu drug test request—a policy applied in a discriminatory and selective manner—the Plaintiff was taken off the work schedule with no notice of termination and thus constructively terminated. The enforcement of this policy in the Plaintiff's case was markedly different from its application to other similarly situated employees, thus exacerbating the discriminatory conduct she endured culminating with her constructive discharge.

10.    Plaintiff filed a claim with the EEOC concerning these matters and received a Right to Sue letter that was issued on August 23, 2024 granting her ninety (90) days to file a lawsuit. Accordingly, the Plaintiff has exhausted her administrative remedies.

## CAUSES OF ACTION
## COUNT 1 – HOSTILE WORK ENVIRONMENT
### (K.S.A. 44-1001 et seq)

11.    The Plaintiff incorporates by reference each of the previous allegations as if set forth herein in full at this point.

12.     The Plaintiff is a member of protected classes because she is an African-American woman over the age of forty (40) years of age.

13.     The Plaintiff was subject to disparate treatment from her colleagues and a motivating factor was her race and/or age.

14.     The disparate treatment was the refusal by a Caucasian supervisor to allow her to move from a night shift to a day shift when day shift opportunities were available, but instead filling the day shift positions with younger and/or Non-African Americans with less experience and seniority.

15.     The treatment of Plaintiff was sufficiently severe or pervasive to alter a term, condition, or privilege of the plaintiff's employment, creating an abusive and hostile working environment in violation of K.S.A. 44-1001 et seq. and/or other Kansas statutes.

16.     Life Care, through its policies and practices, has engaged in a persistent pattern of unlawful discrimination by assigning less favorable work shifts to African American and/or older employees, including the Plaintiff, and by disproportionately applying disciplinary measures such as surprise and unwarranted drug tests.

17.     The conduct of the Defendants was not merely negligent but was deliberate, willful, and executed with malicious intent, or, at the very least, demonstrated a reckless disregard for the protected rights of the Plaintiff. This conduct reflects a blatant violation of the fundamental principles of equality and non-discrimination as enshrined in the Kansas Act Against Discrimination.

18.     The Plaintiff seeks remedies that not only address the personal damages, emotional distress, and career setbacks she has endured but also that serve to correct the discriminatory

practices of the Defendants, ensuring compliance with state and federal laws designed to protect the civil rights of all employees.

19.     The Plaintiff is entitled to both compensatory and punitive damages.

## <u>COUNT 2 – RETALIATION</u>
### (K.S.A. 44-1001 et seq)

20.     The Plaintiff incorporates by reference each of the previous allegations of this Petition as if set forth herein in full at this point.

21.     Defendant Life Care as a matter of practice and/or policy allows its employees to work for other companies when not on the work schedule at Life Care.

22.     Defendant Life Care as a matter of practice and/or policy does not require its employees who are not on the work schedule to submit to impromptu drug tests that would require them to leave another job during their scheduled employment with another employer.

23.     Defendant Life Care called the Plaintiff for an impromptu drug test on or about June 11, 2024 while she was working for another employer.

24.     Plaintiff informed the caller that she was working at the time but offered to take the drug test when she got off work from the other employer.

25.     After the call, Plaintiff was never scheduled for the drug test and never formally discharged but merely taken off of the work schedule and never reinstated to her schedule.

26.     The request for an impromptu drug test was made in retaliation for her request to change to a day schedule and was tied to her discrimination and hostile work environment claim.

27.     The request for an impromptu drug test was made with a pretextual or discriminatory intent.

28.     As a result of the foregoing, Plaintiff sustained damages that were proximately caused by Defendants' conduct and is entitled both compensatory and punitive damages to the extent allowed by law.

## COUNT 3 – AIDING AND ABETTING

29.     The Plaintiff incorporates by reference each of the previous allegations as if set forth herein in full at this point.

30.     The actions of Life Care were carried out and/or aided and abetted by the individually named Defendants, specifically Jennifer Burns and Mary Jones, and represent egregious and systemic violations of the Kansas Act Against Discrimination.  These statutes explicitly prohibit discrimination in employment on the basis of race and/or age among other protected classes.

## COUNT 4 – BREACH OF IMPLIED CONTRACT

31.     The Plaintiff incorporates by reference each of the previous allegations as if set forth herein in full at this point.

32.     The Plaintiff had an express or implied contract with Life Care that her employment would be subject to the policies and practices of Life Care that were then in effect.

33.     One of the express or implied terms of her employment contract was that she would receive notice from Life Care if and when she was actually terminated.

34.    Defendant Life Care breached the express or implied terms of her employment contract by its failure to notify her that she had been discharged or to explain the reasons for her termination.

35.    As a result of Life Care's breach of contract, Plaintiff was left in a state of uncertainty about whether to seek other employment, unemployment benefits or take other action.

36.    Plaintiff sustained damages proximately caused by Life Care's breach which included emotional distress, loss of job opportunities and an inability to inform potential employers of the specific reason for her departure from her position with Life Care.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff Faybria Hendrix, respectfully requests that this Honorable Court grant the following relief:

**a.    Declaratory Relief:**

Issue a judicial declaration confirming that the practices employed by the Defendant, as detailed herein, constitute a cognizable violation of the  Kansas Act Against Discrimination.

**b.    Injunctive Relief:**

Enter an order mandating that Life Care reinstate the Plaintiff to her previous position, or to a comparable position, reflecting her qualifications and experience, with full restitution that includes back pay, accrued benefits, and interest calculated from the date of her wrongful constructive termination. This relief is sought to restore the Plaintiff to the position she would have been in but for the Defendants' unlawful conduct.

**c.    Compensatory and Punitive Damages:**

Award compensatory and punitive damages for emotional distress, pain, and suffering, and

humiliation endured as a direct and proximate result of the Defendants' discriminatory practices. The amount of these damages should be sufficient to compensate the Plaintiff for the tangible and intangible losses she has suffered due to the Defendants' actions.

### d.    Litigation Costs:

Order the Defendants to pay all costs incurred by the Plaintiff in bringing this action, including but not limited to court costs, filing fees, and any other expenses directly related to the prosecution of this case. The imposition of such costs is justified as the Plaintiff should not bear the financial burden caused by the Defendants' unlawful actions.

### e.    Other Equitable Relief:

Grant such other and further relief as this Court deems just and proper under the circumstances. The Plaintiff respectfully requests that this Court exercise its equitable powers to fashion additional remedies that may be necessary to fully address and ameliorate the harms suffered by the Plaintiff due to the Defendants' unlawful actions.

RESPECTFULLY SUBMITTED,

Caldwell Law Firm, P.C.
By: /s/ Edward N. Foster
2300 Main Street, #900
Kansas City, MO 64108
(888) 886-4108
efoster@caldwell-law-firm.com
ATTORNEY FOR PLAINTIFF

17

**Trial Docket – Case No. WY-24-CV-000851**

**FAYBRIA HENDRIX VS. LIFE CARE CENTERS OF AMERICA, INC., ET AL**

Judicial District: **29**    County: **Wyandotte**    Judge: **Constance M. Alvey**    Division: **2**

| Attorney: | Attorney: |
|---|---|
| **Date** | |
| 3/27/25 KNS | MTD specially set for 5/6/25 @ 10:30 an |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |

**Trial Docket – Case No. WY-24-CV-000851**

**FAYBRIA HENDRIX VS. LIFE CARE CENTERS OF AMERICA, INC., ET AL**

Judicial District: **29**    County: **Wyandotte**    Judge: **Constance M. Alvey**    Division: **2**

| Attorney: | | Attorney: |
|---|---|---|
| **Date** | | |
| 8/27/25 | MTD specially set for 5/6/25 @ 10:30 | |
| KMS | | am |
| 4/22/25 | Case to be reassigned to Mahoney. am | |
| MLE | | |
| 4-22-25 | Case re-assigned to MAHONEY – DIV 7. | |

## Trial Docket – Case No.  WY 2024 CV 851
### FAYBRIA HENDRIX V JENNIFER BURNS, LIFE CARE CENTERS OF AMERICA INC., MARY JONES

| Judicial District: **29** | County: **Wyandotte** | Date Filed: | Judge: |
| Division: **7** | | **11/22/2024** | **William P Mahoney** |

| Plaintiff Attorney(s) | Defendant Attorney(s) |
|---|---|
| **FAYBRIA HENDRIX** | **JENNIFER BURNS** |
| **ATTORNEY:** | **LIFE CARE CENTERS OF AMERICA** |
| **EDWARD FOSTER** | **INC.** |
| | **ATTORNEY:** |
| | **SAMANTHA J. MONSEES** |
| | **DARIAN DOSER** |

| DATE | ACTION FILED |
|---|---|
| 22 May 2025 | Zoom Hearing on Motion to Dismiss filed on behalf of all Defendants. Pet. appears by Edward Foster. Defendants appear by Samantha Monsees and Darian Doser. The Court heard argument from Ms. Monsees and Mr. Foster. The Court granted the motion to dismiss individual Defendants from all counts. The Court denied the motion to dismiss the other counts. Plaintiff is granted leave to amend its petition on the counts of hostile work environment, retaliatory discharge, and breach of implied contract, Counts I, II, and IV. Mr. Foster and Plaintiff have 30 days to file their amended petition. Counsel to submit JE. |

ELECTRONICALLY FILED
2025 Mar 05 PM 1:49
CLERK OF THE WYANDOTTE COUNTY DISTRICT COURT
CASE NUMBER:  WY-2024-CV-000851
PII COMPLIANT

**IN THE DISTRICT COURT OF WYANDOTTE COUNTY, KANSAS**
**AT KANSAS CITY**

| | | |
|---|---|---|
| **FAYBRIA V. HENDRIX,** | ) | |
| | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. WY-2024-CV-000851** |
| | ) | |
| **LIFE CARE CENTERS** | ) | |
| **OF AMERICA, INC., et al.,** | ) | |
| | ) | |
| | ) | |
| **Defendants.** | ) | |

---

**DEFENDANT LIFE CARE CENTERS OF AMERICA, INC.,**
**DEFENDANT MARY JONES AND DEFENDANT JENNIFER BURNS'**
**MOTION TO DISMISS**

---

Defendants Life Care Centers of America, Inc. ("LCC"), Mary Jones ("Jones"), and Jennifer Burns ("Burns") (collectively, "Defendants"), by and through undersigned counsel and pursuant to K.S.A. 60-212, hereby move to dismiss Plaintiff's Petition for failure to state a claim upon which relief may be granted. Specifically, Defendants seek to dismiss Plaintiff's Count 1 (Hostile Work Environment) on the grounds that the conduct pled is not, nor can it be proven to be, sufficiently severe or pervasive. Count 2 (Retaliation) should be dismissed as Plaintiff has failed to plead that she engaged in any protected activity. Count 3 (Aiding and Abetting) (and any other claim the Court finds to have been brought Burns and Jones) should be dismissed as Plaintiff has not exhausted her administrative remedies as to the Individual Defendants.  Finally, Count 4 (Breach of an Implied Contract) should be dismissed as the status of Plaintiff's at-will employment was not altered by the terms of her employment and thus her termination was not in breach of any implied contract.

WHEREFORE, for the reasons set forth above, and as set forth more fully in the accompanying *Suggestions in Support*, Defendants Life Care Centers of America, Inc., Mary Jones, and Jennifer Burns request that this Court dismiss Plaintiff's Petition and grant such other and further relief as is just and proper under the circumstances.

Respectfully submitted,

*/s/ Samantha J. Monsees*
Samantha J. Monsees, KS Bar No 25936
**FISHER & PHILLIPS LLP**
4622 Pennsylvania Ave., Suite 910
Kansas City, MO  64112
TEL: (816) 842-8770
FAX: (816) 842-8767
Email:  smonsees@fisherphillips.com

ATTORNEY FOR DEFENDANTS

**<u>CERTIFICATE OF SERVICE</u>**

I certify on this 5th day of March 2025, I caused the foregoing document to be electronically filed via the Court's electronic filing system which sent notice to the following:

Edward N. Foster
2300 Main Street, #900
Kansas City, MO 64108
(888) 886-4108
efoster@caldwell-law-firm.com

ATTORNEY FOR PLAINTIFF

*/s/ Samantha J. Monsees*
Attorney for Defendants

ELECTRONICALLY FILED
2025 Mar 05 PM 1:49
CLERK OF THE WYANDOTTE COUNTY DISTRICT COURT
CASE NUMBER:  WY-2024-CV-000851
PII COMPLIANT

**IN THE DISTRICT COURT OF WYANDOTTE COUNTY, KANSAS**
**AT KANSAS CITY**

| | | |
|---|---|---|
| **FAYBRIA V. HENDRIX,** | ) | |
| | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. WY-2024-CV-000851** |
| | ) | |
| **LIFE CARE CENTERS** | ) | |
| **OF AMERICA, INC., et al.,** | ) | |
| | ) | |
| | ) | |
| **Defendants.** | ) | |

---

**DEFENDANT LIFE CARE CENTERS OF AMERICA, INC.,**
**DEFENDANT MARY JONES AND DEFENDANT JENNIFER BURNS'**
**SUGGESTIONS IN SUPPORT OF THEIR MOTION TO DISMISS**

---

Defendants Life Care Centers of America, Inc. ("LCC"), Mary Jones ("Jones") and Jennifer Burns ("Burns") (collectively, "Defendants"), by and through undersigned counsel, submit these suggestions in support of their *Motion to Dismiss*, filed pursuant to K.S.A. § 60-212. Plaintiff asserts four causes of action in her Petition, each of which are insufficient to state a claim for relief under Kansas law. As a result, her Petition must be dismissed in its entirety.

## I.      INTRODUCTION AND FACTUAL BACKGROUND[1]

Plaintiff Faybria Hendrix was employed by LCC as a Certified Nursing Assistant ("CNA") from September 9, 2014 until June 11, 2024. (Petition, ¶ 5). Plaintiff alleges that, despite her seniority and positive or non-negative reviews, younger white employees with less seniority consistently received more favorable work schedules. (Petition, ¶ 6) In March 2023, Plaintiff

---

[1] For purposes of this motion only, Defendants assume all facts as pled by Plaintiff to be true while expressly reserving their right to dispute any and all such facts in the event Plaintiff's claims are not dismissed.

requested to switch to day shift, a change she felt entitled to based on her seniority. (Petition, ¶ 7). This request was denied, which Plaintiff alleges is a violation of the Company's policies and practices. (Petition, ¶ 7).

On June 11, 2024, Plaintiff alleges she was removed from LCC's work schedule following her unavailability for an impromptu drug test. (Petition, ¶ 9). Plaintiff admits that this was consistent with LCC policy but alleges the application of the policy was discriminatory. *Id.*

Plaintiff's Petition alleges claims for Hostile Work Environment (Count I), Retaliation (Count II), Aiding and Abetting (Count III), and Breach of Implied Contract (Count IV) under Kansas law. The facts in Plaintiff's Petition reveal that each claim is deficient to state a claim under the law and should be dismissed.

## II.   **ARGUMENT**

### A.  **Legal Standard.**

Motions to dismiss are governed by K.S.A. § 60-212, which allows the Court "to resolve claims early [] when issues can be determined as a matter of law at the outset of a case." *Minjarez-Almeida v. Kansas Bd. of Regents*, 63 Kan. App. 2d 225, 232, 527 P.3d 931, 938 (2023). While Kansas requires only notice pleading, dismissal of a plaintiff's petition will be justified when the allegations clearly demonstrate that plaintiff does not have a claim. *Hemphill v. Shore*, 289 P.3d 1173 (Kan. 2012). See also *Miller v. Sloan, Listrom, Eisenbarth, Sloan Glassman*, 267 Kan. 245 (Kan. 1999) (dismissing plaintiff's claim for failure to establish key element even after most favorable interpretation of pleadings). Even under this more liberal form of pleading, a plaintiff's petition "must give the opposing party fair notice of the claim asserted and the grounds upon which it rests. . ." *Top Choice Contracting, L.L.C. v. Clayman Promotional Grp.*, 285 P.3d 1045 (Kan. Ct. App. 2012). Each of Plaintiff's four claims as pled reveal the legal impossibility of each claim.

**B. Plaintiff has not exhausted her administrative remedies as to Defendants Jones and Burns.**

In order to bring a claim under the Kansas Act Against Discrimination ("KAAD"), Plaintiff must first exhaust her administrative remedies prior to filing suit. *Hughs v. Valley State Bank*, Kan.App.2d (Kan. Ct. App. 1999). Furthermore, the Supreme Court of Kansas has held that employees of a corporation may not be held liable unless they were joined in the original proceedings before the Commission. *Kansas Comm'n on C.R. v. Serv. Envelope Co.*, 233 Kan. 20, 27, 660 P.2d 549, 555 (1983). Plaintiff filed her Charge of Discrimination with the Kansas Human Rights Commission on August 19, 2024, naming "Life care center" [sic]. **(Exhibit 1)**[2]. Furthermore, on September 26, 2024, Plaintiff received a Dismissal of her Charge for her failure to state a claim.  **(Exhibit 2)**. The Dismissal lists only "Life Care Center" as a respondent. However, neither Jones nor Burns were named in the original proceedings with the KHRC. Plaintiff has failed to exhaust her administrative remedies against the Individual Defendants and thus, Jones and Burns must be dismissed from any claim brought against them.[3]

**C. Plaintiff has not pled facts sufficient to establish a hostile work environment.**

Plaintiff fails to set forth sufficient factual allegations to establish a claim for a hostile work environment. Indeed, a hostile work environment requires that "the workplace is permeated with discriminatory intimidation, ridicule, and insult, that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment and that the

---

[2] When the Court is ruling on a Motion to Dismiss, it is usually limited to the petition and documents attached to it. *Minjarez-Almeida v. Kan. Bd. of Regents*, 527 P.3d 931 (Kan. Ct. App. 2023).  However, a defendant may submit, and the Court may also consider, "an undisputedly authentic copy" of any unattached document that is "central to the plaintiff's claim." *Id.* The filing of a Charge of Discrimination is a prerequisite to bringing suit, making the charging document central to Plaintiff's claim. Therefore, it must be considered.

[3] The Petition is vague as to which claims are brought against which defendant(s), but Paragraph 30 of Plaintiff's Petition reveals that, at a minimum, Count III (Aiding and Abetting) is brought against Burns and Jones. This claim – and any other the Court determines to have been brought against the Defendants Burns and Jones – should be dismissed.

harassment was motivated by racial animus." *Watson v. City of Topeka*, 241 F. Supp. 2d 1223, 1230 (D. Kan. 2002) (internal punctuation omitted). To determine if the environment or conduct was sufficiently severe or pervasive, the Court must review the totality of the circumstances, "including frequency of discriminatory conduct, its severity, whether it is physically threatening or humiliating or a mere offensive utterance, and whether it unreasonably interferes with an employee's work performance." *Labra v. Mid-Plains Const., Inc.*, 32 Kan. App. 2d 821, 829, 90 P.3d 954, 960 (2004). "Simple teasing, offhand comments, and isolated incidents *(unless extremely serious)* will not amount to discriminatory changes in the 'terms and conditions of employment." *Watson v. City of Topeka*, 241 F. Supp. 2d 1223, 1231 (D. Kan. 2002) (emphasis in original) (internal punctuation omitted). The circumstances as alleged by Plaintiff are far from sufficiently hostile or abusive. Her claim rests on two isolated occurrences: 1) that she was denied a schedule change she requested in March, and 2) *over four months later*, she was removed from the schedule for her own ***admitted*** policy violation. (Petition, ¶ 9). Clearly the conduct Plaintiff alleges is not of the nature meant to be remedied by a hostile work environment claim. When viewed in totality, these allegations lack the hostile or abusive nature necessary to establish a claim for hostile work environment. Accordingly, Count II should be dismissed.

### D.  Plaintiff has not pled that she engaged in protected activity.

In order for Plaintiff to establish a prima facie case for retaliation, she must prove: "(1) [she] took a protected action; (2) the defendants knew about the protected action; (3) they took an adverse employment action; and (4) a causal connection linked the protected action to the adverse employment action." *Hill v. State*, 448 P.3d 457, 463 (Kan. 2019). The facts as Plaintiff alleged preclude any possibility of a cognizable claim of retaliation.

For one, protected activity generally consists of reporting violations of law by the

defendant or exercising one's rights under the law in some capacity. *See Hill*, 448 P.3d 457, 463 (Kan. 2019). Plaintiff did not engage in any such action. Requesting a change in work schedule is neither reporting any violation nor exercising any legally protected right and thus **does not** amount to activity protected under the law. Plaintiff's failure to allege any engagement in protected activity is fatal to her claim for retaliation and Count II must be dismissed.

### E. Plaintiff's Employment was At-Will.

Plaintiff's Count IV alleges that LCC breached a contract with Plaintiff and that her employment would be subject to the policies and practices of Life Care, expressly by its "failure to notify her" of her termination. "[I]n Kansas, an employer may discharge an 'at-will employee' for good cause, for no cause, or even for a wrong cause, without incurring liability to the employee for wrongful discharge. *Allsup v. Mount Carmel Med. Ctr.*, 22 Kan. App. 2d 613, 922 P.2d 1097, 1100 (1996). Plaintiff has not claimed that her employment was but anything but at-will. *See* Petition, *generally*. Kansas state law does recognize an exception to at-will employment when there has been an implied contract to the contrary. *Allsup*, 22 Kan. App. 2d 613, 922 P.2d 1097 (1996) (finding an implied contract where the employer's own policies required "just cause for termination," an obvious departure from at-will employment); *Brown v. United Methodist Homes For The Aged*, 249 Kan. 124, 135, 815 P.2d 72, 81 (1991) (The implied contract exception "recognizes an implied obligation on the employer to not terminate an employee arbitrarily where a policy or program of the employer, either express or implied, restricts the employer's right of termination at will."). Clearly, this exception is relevant in the context of having the *right to terminate*, not to *how* an employer may terminate or an employer's conduct after termination. Plaintiff has alleged that LCC's breach is based in their delayed notification of her termination (though her Petition is devoid of any elaboration to the length of the delay). While she takes issue

with the *application* of the policy that led to her termination, her actual termination is not the subject of the breach of contract claim. (Petition, ¶¶ 9, 33-35). Rather, she claims that LCC's breach derives from its supposed lack of communication regarding her termination. (Petition, ¶¶ 33-35). Plaintiff cannot seek redress for breach of an implied contract in this context as it is not the type recognized by Kansas state law. It is simply not a viable claim. For this reason, Count IV should be dismissed.

### III.     __CONCLUSION__

For the above reasons, Defendants Life Care Centers of America, Inc., Jennifer Burns and Mary Jones move for an order dismissing Counts I through IV due to Plaintiff's complete failure to state a claim for relief.

Respectfully submitted,

*/s/ Samantha J. Monsees*
Samantha J. Monsees, KS Bar No 25936
**FISHER & PHILLIPS LLP**
4622 Pennsylvania Ave., Suite 910
Kansas City, MO  64112
TEL: (816) 842-8770
FAX: (816) 842-8767
Email:  smonsees@fisherphillips.com

ATTORNEY FOR DEFENDANTS

**<u>CERTIFICATE OF SERVICE</u>**

I certify on this 5th day of March 2025, I caused the foregoing document to be electronically filed via the Court's electronic filing system which sent notice to the following:

Edward N. Foster
2300 Main Street, #900
Kansas City, MO 64108
(888) 886-4108
efoster@caldwell-law-firm.com

ATTORNEY FOR PLAINTIFF

*/s/ Samantha J. Monsees*
Attorney for Defendants

ELECTRONICALLY FILED
2025 Mar 05 PM 1:49
CLERK OF THE WYANDOTTE COUNTY DISTRICT COURT
CASE NUMBER:  WY-2024-CV-000851
SEALED

# Exhibit 1

EEOC Form 5 (07/24)

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974.
See attached Privacy Act Statement and other information before completing this form.

| CHARGE PRESENTED TO: | AGENCY CHARGE NO. |
|---|---|
| EEOC | 563-2024-03979 |
| Kansas Human Rights Commission | |

---

Name *(indicate Mr., Ms., Mrs., Miss, Mx., Dr., Hon., Rev.)*: Faybria Hendrix

Home Phone:     913-250-7817

Year of Birth:     1981

Street Address:     7249 NE 46th Terr

KANSAS CITY, MO 64117

---

Named below is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency that I believe discriminated against me or others.

Name: Life care center

No. Employees, Members:

Phone No.:

Street Address:     3231 N61st

KANSAS CITY, KS 66104

Name:

No. Employees, Members:

Phone No.:

Street Address:

---

DISCRIMINATION BASED ON:

Retaliation

---

DATE(S) DISCRIMINATION TOOK PLACE

Earliest: 01/01/2024

Latest: 06/11/2024

---

THE PARTICULARS ARE:

I began working at the above-named employer on or around September 9, 2014, as a Certified Nursing Assistant.

On or around January 1, 2024, I began complaining about scheduling issues, being given less hours, and disrespectful treatment from my supervisor. After my complaints, nothing was done to correct the issues that I had brought up, so I contacted the corporate office for assistance. After i had contacted the corporate office, the same behavior continued by management. On or around March 1, 2024, I was sent home from work for having my head in my hands at the front counter. On or around June 11, 2024, I was called outside of my duty hours and told to take a drug test. I was unable to complete the drug test that day, due to being on duty at my second job. I was told not to return to work until I had been contacted by the corporate office. On or around July 24, 2024, I received mail from the employer, indicating I had been terminated.

I believe I was disciplined and discharged in retaliation for making a complaint to the corporate office.

---

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

Digitally Signed By: Faybria Hendrix

EEOC Form 5 (07/24)
08/19/2024
_____

Charging Party Signature & Date
_____

NOTARY – When necessary for State and Local Agency Requirements
_____

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information, and belief.
_____

Signature of Complainant

Subscribed and sworn to before me this date: _____

CP Enclosure with EEOC Form 5 (06/24)

## PRIVACY ACT STATEMENT

Under the Privacy Act of 1974, Pub. Law 93-579, authority to request personal data and its uses are:

1. **FORM NUMBER/TITLE/DATE.** EEOC Form 5, Charge of Discrimination (06/24).

2. **AUTHORITY.** 42 U.S.C. 2000e-5(b), 29 U.S.C. 211, 29 U.S.C. 626, 42 U.S.C. 12117, 42 U.S.C. 2000ff-6.

3. **PRINCIPAL PURPOSES.** The purposes of a charge, taken on this form or otherwise reduced to writing (whether later recorded on this form or not) are, as applicable under the EEOC anti-discrimination statutes (EEOC statutes), to preserve private suit rights under the EEOC statutes, to invoke the EEOC's jurisdiction and, where dual-filing or referral arrangements exist, to begin state or local proceedings.

4. **ROUTINE USES.** This form is used to provide facts that may establish the existence of matters covered by the EEOC statutes (and as applicable, other federal, state or local laws). Information given will be used by staff to guide its mediation and investigation efforts and, as applicable, to determine, conciliate and litigate claims of unlawful discrimination. This form may be presented to or disclosed to other federal, state or local agencies as appropriate or necessary in carrying out EEOC's functions. A copy of this charge will ordinarily be sent to the respondent organization against which the charge is made.

5. **WHETHER DISCLOSURE IS MANDATORY; EFFECT OF NOT GIVING INFORMATION.** Charges must be reduced to writing and should identify the charging and responding parties and the actions or policies complained of. Without a written charge, EEOC will ordinarily not act on the complaint. Charges under Title VII, the ADA or GINA must be sworn to or affirmed (either by using this form or by presenting a notarized statement or unsworn declaration under penalty of perjury); charges under the ADEA should ordinarily be signed. Charges may be clarified or amplified later by amendment. It is not mandatory that this form be used to make a charge.

## NOTICE OF RIGHT TO REQUEST SUBSTANTIAL WEIGHT REVIEW

Charges filed at a state or local Fair Employment Practices Agency (FEPA) that dual-files charges with EEOC will ordinarily be handled first by the FEPA. Some charges filed at EEOC may also be first handled by a FEPA under worksharing agreements. You will be told which agency will handle your charge. When the FEPA is the first to handle the charge, it will notify you of its final resolution of the matter. Then, if you wish EEOC to give Substantial Weight Review to the FEPA's final findings, you must ask us in writing to do so *within 15 days* of your receipt of its findings. Otherwise, we will ordinarily adopt the FEPA's finding and close our file on the charge.

## NOTICE OF NON-RETALIATION REQUIREMENTS

Please **notify** EEOC or the state or local agency where you filed your charge **if retaliation is taken against you or others** who oppose discrimination or cooperate in any investigation or lawsuit concerning this charge. Under Section 704(a) of Title VII, Section 4(d) of the ADEA, Section 503(a) of the ADA, Section 207(f) of GINA, and 42 USC 2000gg-2(f)(1) of the PWFA it is unlawful for an *employer* to discriminate against present or former employees or job applicants, for an *employment agency* to discriminate against anyone, or for a *union* to discriminate against its members or membership applicants, because they have opposed any practice made unlawful by the statutes, or because they have made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under the laws. The Equal Pay Act has similar provisions and Section 503(b) of the ADA prohibits coercion, intimidation, threats or interference with anyone for exercising or enjoying, or aiding or encouraging others in their exercise or enjoyment of, rights under the Act.

ELECTRONICALLY FILED
2025 Mar 05 PM 1:49
CLERK OF THE WYANDOTTE COUNTY DISTRICT COURT
CASE NUMBER:  WY-2024-CV-000851
SEALED

# Exhibit 2



**Kansas**
Human Rights Commission

Landon State Office Bldg.
900 S.W. Jackson St., Suite 568 S.
Topeka, Kansas 66612-1258

Phone: (785) 296-3206
Fax: (785) 296-0589
TTY (785) 296-0245
800# 1-888-793-6874
www.khrc.net

Christal Watson, Chair, Kansas City
Harold Schorn, II, Vice Chair, Newton
Michael Kane, Kansas City
Alicia Sanchez, Wichita
Laurel Searles, Topeka

Laura Kelly, Governor
Ruth Glover, Executive Director
Robert Easterling, Assistant Director
Barbara Girard, Investigative Admin.
Dan Wentling, Investigative Admin.
Mary Karinge, Office Manager

September 26, 2024

William Wyatt
Life Care Center of America
3570 Keith St. NW
Cleveland, TN 37312

RECEIVED

OCT 2 2024

By_____
Life Care Legal & Risk Services

RE:    Case No. 45865-25, Hendrix vs. Life Care Center

Dear Counsel:

The above-referenced complaint was first filed with the U.S. Equal Employment Opportunity Commission (EEOC). The complaint was also dual filed with the Kansas Human Rights Commission.

The case is being administratively closed due to failing to state a claim under the laws enforced by the Kasnas Human Rights Commission.

Accordingly, the above-referenced complaint is being closed this date.

Sincerely,

*Robert Easterling*

Robert Easterling
Assistant Director

STATE OF KANSAS
KANSAS HUMAN RIGHTS COMMISSION
LANDON STATE OFFICE BLDG.
900 S.W. JACKSON ST.—SUITE 568S
TOPEKA, KANSAS 66612-1258
058

ETERNAL VIGILANCE
IS THE
PRICE OF FREEDOM



RECEIVED
OCT 02 2024
By:
Life Care Legal & Risk Services

William Wyatt
Life Care Center of America
3570 Keith St. NW
Cleveland, TN 37312

HVD-SAB 37312

ELECTRONICALLY FILED
2025 May 30 AM 11:15
CLERK OF THE WYANDOTTE COUNTY DISTRICT COURT
CASE NUMBER:  WY-2024-CV-000851
PII COMPLIANT

**IN THE DISTRICT COURT OF WYANDOTTE COUNTY, KANSAS**
**AT KANSAS CITY**

| | | |
|---|---|---|
| **FAYBRIA V. HENDRIX,** | ) | |
| | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. WY-2024-CV-000851** |
| | ) | |
| **LIFE CARE CENTERS** | ) | |
| **OF AMERICA, INC., et al.,** | ) | |
| | ) | |
| | ) | |
| **Defendants.** | ) | |

---

### ENTRY OF APPEARANCE

---

Darian D. Doser of the law firm Fisher & Phillips LLP hereby enters her appearance as counsel on behalf of Defendants Life Care Centers of America, Inc., Mary Jones, and Jennifer Burns in the above-captioned matter.

Respectfully submitted,

/s/ Darian D. Doser
Samantha J. Monsees, KS Bar No. 25936
Darian D. Doser, KS Bar No. 30651
**FISHER & PHILLIPS LLP**
4622 Pennsylvania Ave., Suite 910
Kansas City, MO 64112
TEL: (816) 842-8770
FAX: (816) 842-8767
Email: smonsees@fisherphillips.com
Email: ddoser@fisherphillips.com

ATTORNEYS FOR DEFENDANTS

**<u>CERTIFICATE OF SERVICE</u>**

I certify on this 30th day of May 2025, I caused the foregoing document to be electronically filed via the Court's electronic filing system which sent notice to the following:

Edward N. Foster
2300 Main Street, #900
Kansas City, MO 64108
(888) 886-4108
efoster@caldwell-law-firm.com

ATTORNEY FOR PLAINTIFF

<u>/s/ Darian D. Doser</u>
Attorney for Defendants

2

ELECTRONICALLY FILED
2025 Apr 01 AM 11:56
CLERK OF THE WYANDOTTE COUNTY DISTRICT COURT
CASE NUMBER:  WY-2024-CV-000851
PII COMPLIANT

**IN THE DISTRICT COURT OF WYANDOTTE COUNTY, KANSAS**
**AT KANSAS CITY**

| | | |
|---|---|---|
| FAYBRIA V. HENDRIX, | ) | |
| | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | **Case No. WY-2024-CV-000851** |
| | ) | |
| LIFE CARE CENTERS | ) | |
| OF AMERICA, INC., et al., | ) | |
| | ) | |
| | ) | |
| **Defendants.** | ) | |

---

### ENTRY OF APPEARANCE

---

Darian D. Doser of the law firm Fisher & Phillips LLP hereby enters her appearance as counsel on behalf of Defendants Life Care Centers of America, Inc., Mary Jones, and Jennifer Burns in the above-captioned matter.

Respectfully submitted,

*/s/ Darian D. Doser*
Samantha J. Monsees, KS Bar No. 25936
Darian D. Doser, KS Bar No. 30651
**FISHER & PHILLIPS LLP**
4622 Pennsylvania Ave., Suite 910
Kansas City, MO 64112
TEL: (816) 842-8770
FAX: (816) 842-8767
Email: smonsees@fisherphillips.com
Email: ddoser@fisherphillips.com

ATTORNEYS FOR DEFENDANTS

## <u>CERTIFICATE OF SERVICE</u>

   I certify on this 1st day of April 2025, I caused the foregoing document to be electronically filed via the Court's electronic filing system which sent notice to the following:

Edward N. Foster
2300 Main Street, #900
Kansas City, MO 64108
(888) 886-4108
efoster@caldwell-law-firm.com

ATTORNEY FOR PLAINTIFF

             */s/ Darian D. Doser*
             Attorney for Defendants

ELECTRONICALLY FILED
2025 Mar 05 PM 1:42
CLERK OF THE WYANDOTTE COUNTY DISTRICT COURT
CASE NUMBER:  WY-2024-CV-000851
PII COMPLIANT

**IN THE DISTRICT COURT OF WYANDOTTE COUNTY, KANSAS**
**AT KANSAS CITY**

| | | |
|---|---|---|
| **FAYBRIA V. HENDRIX,** | ) | |
| | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. WY-2024-CV-000851** |
| | ) | |
| **LIFE CARE CENTERS** | ) | |
| **OF AMERICA, INC., et al.,** | ) | |
| | ) | |
| | ) | |
| **Defendants.** | ) | |

---

### ENTRY OF APPEARANCE

---

Samantha J. Monsees of the law firm Fisher & Phillips LLP hereby enters her appearance as lead counsel on behalf of Defendants Life Care Centers of America, Inc., Mary Jones, and Jennifer Burns in the above-captioned matter.

Respectfully submitted,

*/s/ Samantha J. Monsees*
Samantha J. Monsees, KS Bar No 25936
**FISHER & PHILLIPS LLP**
4622 Pennsylvania Ave., Suite 910
Kansas City, MO 64112
TEL: (816) 842-8770
FAX: (816) 842-8767
Email: smonsees@fisherphillips.com

ATTORNEY FOR DEFENDANTS

## **CERTIFICATE OF SERVICE**

I certify on this 5th day of March 2025, I caused the foregoing document to be electronically filed via the Court's electronic filing system which sent notice to the following:

Edward N. Foster
2300 Main Street, #900
Kansas City, MO 64108
(888) 886-4108
efoster@caldwell-law-firm.com

ATTORNEY FOR PLAINTIFF

*/s/ Samantha J. Monsees*
Attorney for Defendants

ELECTRONICALLY FILED
2024 Dec 18 PM 6:31
CLERK OF THE WYANDOTTE COUNTY DISTRICT COURT
CASE NUMBER:  WY-2024-CV-000851
PII COMPLIANT

**IN THE DISTRICT COURT OF WYANDOTTE COUNTY, KANSAS**

| | |
|---|---|
| FAYBRIA V. HENDRIX,<br>7249 NE 46th Terr<br>Kansas City, MO  64117 | **Case No:  WY-2024-CV-000851** |
| Plaintiff, | **Division: CALVEY** |
| v. | |
| LIFE CARE CENTERS OF AMERICA, INC.<br>        Serve at:<br>        Corporate Service Company<br>        1100 SW Wanamaker Rd., Ste. 403<br>        Topeka, KS  66604 | |
| JENNIFER BURNS | |
| MARY JONES | |
| Defendants. | |

<u>**MOTION FOR APPROVAL AND APPOINTMENT OF PRIVATE PROCESS SERVER**</u>

COMES NOW Plaintiff, by and through its attorney of record, and for its Motion for Approval/Appoint of Private Process Server, and requests that D&B Legal Service, LLC.: Legal Names (s):

| | |
|---|---|
| Scott Brady PPS24-0020 | Justin Mertzig PPS24-0505 |
| Brandon Fisher PPS24-0040 | Mike Perry PPS24-0098 |
| Darnell Hamilton PPS24-0051 | Kenneth Prewett PPS24-0107 |
| James Hannah PPS24-0052 | David Shirley PPS24-0125 |
| Moses Hicks IV PPS24-0056 | Omari Tatum PPS24-0509 |
| Heather Merfen PPS24-0085 | Andrew Wickliffe PPS24-0150 |

who are qualified persons to serve process, are not parties to the case and are not less than eighteen (18) years of age, as private process servers in the above cause to serve process in this case.

RESPECTFULLY SUBMITTED,

Caldwell Law Firm, P.C.
By: /s/ Edward N. Foster

Edward N. Foster #40320
2300 Main Street, #900
Kansas City, MO 64108
(888) 886-4108
efoster@caldwell-law-firm.com
ATTORNEY FOR PLAINTIFF

**ORDER**

It is hereby ordered that the Plaintiff's Motion for Approval and Appointment of private process server is granted and the above-named individuals are hereby approved and appointed to serve process in the above-captioned matter.

Date: _____        _____

Judge or Clerk

ELECTRONICALLY FILED
2025 Mar 12 AM 9:23
CLERK OF THE WYANDOTTE COUNTY DISTRICT COURT
CASE NUMBER:  WY-2024-CV-000851
PII COMPLIANT

**IN THE DISTRICT COURT OF WYANDOTTE COUNTY, KANSAS**
**AT KANSAS CITY**

| | | |
|---|---|---|
| **FAYBRIA V. HENDRIX,** | ) | |
| | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. WY-2024-CV-000851** |
| | ) | |
| **LIFE CARE CENTERS** | ) | |
| **OF AMERICA, INC., et al.,** | ) | |
| | ) | |
| | ) | |
| **Defendants.** | ) | |

---

### NOTICE OF HEARING

---

PLEASE TAKE NOTICE that *Defendants' Motion to Dismiss* will be called for hearing on Friday, March 28, 2025, at 9:30 a.m., before the Honorable Constance Alvey in Division 2 of the District Court of Wyandotte County, Kansas, 710 N 7th Street, Kansas City, Kansas 66101.

Respectfully submitted,

*/s/ Samantha J. Monsees*
Samantha J. Monsees, KS Bar No 25936
**FISHER & PHILLIPS LLP**
4622 Pennsylvania Ave., Suite 910
Kansas City, MO 64112
TEL: (816) 842-8770
FAX: (816) 842-8767
Email: smonsees@fisherphillips.com

ATTORNEY FOR DEFENDANTS

**CERTIFICATE OF SERVICE**

I certify on this 12th day of March 2025, I caused the foregoing document to be electronically filed via the Court's electronic filing system which sent notice to the following:

Edward N. Foster
2300 Main Street, #900
Kansas City, MO 64108
(888) 886-4108
efoster@caldwell-law-firm.com

ATTORNEY FOR PLAINTIFF

/s/ Samantha J. Monsees
Attorney for Defendants

ELECTRONICALLY FILED
2025 Feb 10 AM 9:16
CLERK OF THE WYANDOTTE COUNTY DISTRICT COURT
CASE NUMBER: WY-2024-CV-000851
PII COMPLIANT



**Court:**          Wyandotte County District Court

**Case Number:**    WY-2024-CV-000851

**Case Title:**     Faybria Hendrix  vs.  Life Care Centers of
                    America, Inc., et al

**Type:**           ORD: Summons - Filer Drafted Summons

SO ORDERED,



_____

/s/ Clerk of District Court

Electronically signed on 2025-02-10 09:16:40         page 1 of 3

**IN THE DISTRICT COURT OF WYANDOTTE COUNTY, KANSAS**
**AT KANSAS CITY**
**CIVIL COURT DEPARTMENT**

| | | |
|---|---|---|
| FAYBRIA V. HENDRIX, | ) | |
|     7249 NE 46th Terr | ) | |
|     Kansas City, MO  64117 | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.: WY-2024-CV-000851 |
| | ) | |
| LIFE CARE CENTERS OF AMERICA, | ) | |
| INC. | ) | |
|     Serve at: | ) | |
|     Corporate Service Company | ) | |
|     1100 SW Wanamaker Rd., Ste. 403 | ) | |
|     Topeka, KS  66604 | ) | |
| | ) | |
| JENNIFER BURNS | ) | |
| | ) | |
| MARY JONES | ) | |
| | ) | |
|     Defendants. | ) | |

<u>SUMMONS</u>

To:

Life Care Centers of America, Inc.
Corporate Service Center
1100 SW Wannamaker Rd., Ste. 403
Topeka, KS  66604

A lawsuit has been filed against you.

Within twenty-one [21] days after service of this summons on you (not counting the day you received it), you must file and serve on the plaintiff an answer to the attached petition or a motion under the applicable court rules. The answer or motion must be served on the plaintiff's attorney at the following address:

Edward N. Foster
CALDWELL LAW FIRM, P.C.
2300 Main St., Ste. 900
Kansas City, Missouri 64108
(888) 886-4108
efoster@caldwell-law-firm.com

If you fail to file an answer or motion as described above, judgment by default will be entered against you for the relief demanded in the petition. You must also file your answer or motion with the court.

If you file an answer, any related claim which you may have against the plaintiff must be stated as a counterclaim in your answer. If you fail to do so, you will thereafter be barred from making such a claim in any other action.


SO ORDERED.


[Clerk of Court Signature Line]

[Clerk Name]

[Date]

ELECTRONICALLY FILED
2025 Feb 03 PM 2:32
CLERK OF THE WYANDOTTE COUNTY DISTRICT COURT
CASE NUMBER: WY-2024-CV-000851
PII COMPLIANT



**Court:**        Wyandotte County District Court

**Case Number:**  WY-2024-CV-000851

**Case Title:**   Faybria Hendrix  vs.  Life Care Centers of
                  America, Inc., et al

**Type:**         ORD: Appoint Order Appointing Special Process
                  Server

                    SO ORDERED,

                    _____

                    /s/ Honorable Constance M. Alvey,
                    District Court Judge

Electronically signed on 2025-02-03 14:32:26        page 1 of 2

**IN THE DISTRICT COURT OF WYANDOTTE COUNTY, KANSAS**

| | | |
|---|---|---|
| FAYBRIA V. HENDRIX, | **)** | |
| 7249 NE 46th Terr | **)** | **Case No:  WY-2024-CV-000851** |
| Kansas City, MO  64117 | **)** | |
| | **)** | **Division: CALVEY** |
| Plaintiff, | **)** | |
| | **)** | |
| v. | **)** | |
| | **)** | |
| LIFE CARE CENTERS OF AMERICA, | **)** | |
| INC. et al. | **)** | |
| | **)** | |
| Defendants. | **)** | |

## <u>ORDER APPOINTING PRIVATE PROCESS SERVER</u>

It is hereby ordered that the Plaintiff's Motion for Approval and Appointment of private process server is granted and the below-named individuals are hereby approved and appointed to serve process in the above-captioned matter.

D&B Legal Service, LLC.: Legal Names (s):

| | |
|---|---|
| Scott Brady PPS24-0020 | Justin Mertzig PPS24-0505 |
| Brandon Fisher PPS24-0040 | Mike Perry PPS24-0098 |
| Darnell Hamilton PPS24-0051 | Kenneth Prewett PPS24-0107 |
| James Hannah PPS24-0052 | David Shirley PPS24-0125 |
| Moses Hicks IV PPS24-0056 | Omari Tatum PPS24-0509 |
| Heather Merfen PPS24-0085 | Andrew Wickliffe PPS24-0150 |

RESPECTFULLY SUBMITTED,

Caldwell Law Firm, P.C.

By: /s/ Edward N. Foster
Edward N. Foster #40320
2300 Main Street, #900
Kansas City, MO 64108
(888) 886-4108
efoster@caldwell-law-firm.com
ATTORNEY FOR PLAINTIFF

Date: _____    _____

ELECTRONICALLY FILED
2025 Mar 12 PM 7:00
CLERK OF THE WYANDOTTE COUNTY DISTRICT COURT
CASE NUMBER:  WY-2024-CV-000851
PII COMPLIANT

**IN THE DISTRICT COURT OF WYANDOTTE COUNTY, KANSAS**
**AT KANSAS CITY**
**CIVIL COURT DEPARTMENT**

| | | |
|---|---|---|
| FAYBRIA V. HENDRIX, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.: WY-2024-CV-000851 |
| | ) | |
| | ) | |
| LIFE CARE CENTERS OF AMERICA, | ) | |
| INC., et. al. | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## PLAINTIFF'S SUGGESTIONS IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

Plaintiff Faybria Hendrix, by and through her undersigned counsel, hereby submits this Opposition to the Motion to Dismiss filed by Defendants Life Care Centers of America, Inc. ("LCC"), Mary Jones ("Jones"), and Jennifer Burns ("Burns") (collectively, "Defendants"). For the reasons set forth below, Defendants' Motion should be denied.

## I. INTRODUCTION

Defendants' Motion to Dismiss seeks to avoid liability for their unlawful conduct by arguing that Plaintiff has failed to state a claim under Kansas law. However, when viewed in the light most favorable to Plaintiff, her allegations are more than sufficient to survive a motion to dismiss. Plaintiff alleges that she was subjected to a hostile work environment, retaliated against for her complaints of discrimination, and wrongfully and constructively terminated her in violation of her rights. These claims are well-grounded in fact and law, and dismissal at this stage would be inappropriate.

1

## II. LEGAL STANDARD

A motion to dismiss under K.S.A. § 60-212 must be denied unless the moving party demonstrates that the plaintiff's allegations, even if accepted as true, fail to state a claim upon which relief can be granted. *Minjarez-Almeida v. Kansas Bd. of Regents*, 63 Kan. App. 2d 225, 232, 527 P.3d 931, 938 (2023). Kansas follows a notice-pleading standard, which only requires a petition to provide fair notice of the claims and the grounds upon which they rest. *John Doe M.J.*, 315 Kan. 310, 317, 508 P.3d 368 (2022). Plaintiff's allegations, taken as true, satisfy this standard.

## III. ARGUMENT

### A. Plaintiff Has Sufficiently Alleged a Hostile Work Environment Claim

Defendants argue that Plaintiff's allegations do not establish a viable hostile work environment claim. However, Plaintiff has alleged that she was subjected to a consistent pattern of ongoing discrimination, including the consistent denial of scheduling accommodations in favor of less senior white employees, and her removal from the schedule under a policy that was selectively enforced against her. Defendants falsely state that Plaintiff alleged only two isolated occurrences, however, Plaintiff did not just allege two isolated occurrences but rather a consistent pattern of occurrences over her substantial period of employment. Pet. ¶6.

In support of their argument, the Defendants cite to *Labra v. Mid-Plains Const., Inc*., 32 Kan. App. 2d 821, 829, 90 P.3d 954, 960 (2004) to argue that Plaintiff's allegations are insufficient to rise to meet the severity and pervasiveness evaluation standard. However, *Labra* makes it clear that the "severity and pervasiveness" evaluation is particularly unsuited for summary judgment because it is" "quintessentially a question of fact." It is particularly unsuited at the Motion to Dismiss stage. In *Labra*, the court also commented that "the United States Supreme Court recently commented

2

that the standards for hostile environment are intended to filter out complaints attacking the ordinary tribulations of the workplace, such as the sporadic use of abusive language, gender-related jokes, and occasional teasing."  The Plaintiff's allegations do not fall into those non-egregious categories.  At this stage, when constructed in the light most favorable to Plaintiff, the hostile work environment claim cannot be dismissed.

### B. Plaintiff Has Alleged Protected Activity Sufficient to Support a Retaliation Claim

The Defendants argue that the Plaintiff failed to establish that she engaged in a protected activity. They contend that protected activity generally involves reporting legal violations by the defendant or exercising one's rights under the law in some capacity. *See Hill v. State*, 448 P.3d 457, 463 (Kan. 2019). However, the Defendants construe "protected activity" too narrowly. The "opposition" clause of K.S.A. 1979 Supp. 44-1009(a)(4) protects employees from discharge, expulsion, or other forms of discrimination for opposition activities outside of formal proceedings, so long as the employee has a good-faith, reasonable belief that the opposed practices are discriminatory—even if they are later determined not to be. *See McCabe v. Johnson County Bd. of County Comm'rs*, 5 Kan. App. 2d 232, 615 P.2d 780, 784 (1980).

Here, although no formal proceedings occurred challenging the illegal practice, the Plaintiff requested a shift change to remedy what she reasonably believed to be an unlawful employment practice affecting employees of her seniority and other characteristics. In response, the Defendants retaliated against her by fabricating a pretextual reason for her constructive termination.

When the facts are viewed in the light most favorable to the Plaintiff, she has sufficiently stated a claim for retaliation. Accordingly, dismissal of this claim would be improper.

3

**C. Plaintiff Exhausted Her Administrative Remedies as to All Defendants**

Defendants assert that Plaintiff failed to exhaust administrative remedies against Jones and Burns because they were not named in the KHRC charge. However, the court may not rely on material outside the pleadings at this stage of the proceedings and therefore any such argument would need to be pursued on a motion for summary judgment, not in a motion to dismiss.  Defendants have not shown that dismissal is warranted at this stage, particularly given that Dismissal of the claims against Jones and Burns would be premature.

**D. Plaintiff's Breach of Implied Contract Claim is a Viable Claim**

Defendants argue that Plaintiff's employment was at-will and that no implied contract existed. However, Plaintiff alleges that LCC's policies and practices created a legitimate expectation of continued employment. Kansas courts recognize that an implied contract may arise when an employer's policies limit its ability to terminate an employee arbitrarily. See *Brown v. United Methodist Homes for the Aged*, 249 Kan. 124, 135, 815 P.2d 72, 81 (1991).

An implied-in-fact contract arises when an employer's policies, practices, or representations create reasonable expectations of continued employment, even absent an express agreement. Courts have enforced such contracts when employee handbooks, policies, or consistent practices establish mutual obligations beyond at-will employment.  *Wilkinson v. Shoney's Inc*., 269 Kan. 194, 214, 4 P.3d 1149 (Kan 2000);  *Morriss v. Coleman Co*., 241 Kan. 501, Syl. ¶1, 738 P.2d 841 (1987).

4

Defendants' assertion that Plaintiff's claim concerns only the "delayed notification of her termination" is overly narrow. See Pet. ¶31 incorporating previous allegations by reference.  The Petition alleges that LCC violated its own policies by requiring a mandatory drug test despite knowing Plaintiff was working for another employer at that time. LCC then removed Plaintiff from the schedule without formally terminating her.

If LCC's drug testing policy outlines procedures for testing employees before adverse employment action—such as termination, suspension, or removal from the schedule—it creates an implied contractual obligation. Employees reasonably expect that they will not be terminated for suspected drug use without the testing and required due process. By failing to conduct the required drug test before ceasing to schedule Plaintiff, LCC breached its implied promise. The absence of such a test suggests noncompliance with its own policies, undermining fair treatment expectations.

Failure to notify Plaintiff of the reason for termination further supports the existence of an implied contractual duty to provide notice and an opportunity to respond, particularly when LCC's policy implies termination will be based on results. If LCC failed to test, failed to provide notice, and unilaterally removed Plaintiff from the schedule, it effectively denied her due process, reinforcing the argument that an implied contract was violated.

"The ultimate decision of whether there was an implied contract not to terminate the plaintiffs without just cause must be determined from all the evidence presented by the parties on that issue." *Brown*, 249 Kan. at 135-36. "'Where it is alleged that an employment contract is one to be based upon the theory of `implied in fact,' the understanding and intent of the parties is to be ascertained from several factors…including written or oral negotiations, the conduct of the parties, the usages of the business, the situation and objective of the parties, the nature of the employment, and any

other circumstances surrounding the employment relationship.'" *Id.* Given the factual nature of this inquiry, the claim cannot be dismissed on a motion to dismiss. At a minimum, this issue should be addressed through discovery.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court deny Defendants' Motion to Dismiss in its entirety.  If the court deems the Petition deficient for any reason, the Plaintiff seeks leave to amend the Petition to allege additional facts.

> Respectfully submitted,
>
> */s/ Edward N. Foster*
> Caldwell Law Firm, P.C.
> Edward N. Foster #16449
> 2300 Main Street, #900
> Kansas City, MO 64108
> (888) 886-4108
> efoster@caldwell-law-firm.com
> ATTORNEY FOR PLAINTIFF

## **CERTIFICATE OF SERVICE**

I certify on this 12th day of March 2025, I caused the foregoing document to be electronically

filed via the Court's electronic filing system which sent notice to all counsel of record.


*/s/ Edward N. Foster*
Attorney for Plaintiff